IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Robert Peoples, #270600, | C/A NO. 8:10-24-CMC-BHH |
| Plaintiff, | |
| | **OPINION and ORDER** |
| v. | |
| Capt. Guerry Rogers; Lt. Willie Davis; Sgr. Dorothy Simmons; Sgt. F. Ford; Nurse Morgens E. Henningsen; Nurse Sara Murdock; Ofc. Alejandro Lucas; Ofc. Ryan Stubbs; Assoc. Warden Robbin Chevis; Ofc. Jane Doe; Ofc. NFN Tillman; Ofc. NFN Stenton; Ofc. NFN Blue, Jr.; Ofc. NFN Smith; all Ind. capacities, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On January 12, 2010, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on January 20, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Magistrate Judge recommended that this matter should be dismissed because it is time-barred and on the doctrine of *res judicata*, both affirmative defenses. This court agrees with Plaintiff's objections in this regard, and therefore rejects the Report of the Magistrate Judge.[1]

**TIMELINESS**

The Magistrate Judge deemed Plaintiff's complaint barred by the applicable statute of limitations because the alleged incident in question occurred on March 7, 2005, and the complaint was not filed in this court until January 4, 2010.[2] This court disagrees that this matter is time-barred, as Plaintiff's claims were tolled while he exhausted administrative remedies.

Section 1983 does not contain an express statute of limitations. Therefore, federal courts considering §1983 claims adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In South Carolina, the general or residual statute of

---

[1] It appears that Plaintiff copied his Objections almost verbatim from this court's order which rejected the Report of Magistrate Judge Hendricks in a separate case on these same two issues, which were raised *sua sponte* by the Magistrate Judge, albeit at the summary judgment stage. *See* Opinion and Order at 9-14 in *Peoples v. McKnight*, D.S.C. Civil Action No. 8:07-1203-CMC-BHH, Dkt. # 79 (filed Sept. 25, 2008).

[2] Because Plaintiff benefits from the rule of *Houston v. Lack*, 487 U.S. 266 (1988), his complaint is deemed filed as of the date it was given to prison officials for mailing. The envelope accompanying Plaintiff's complaint indicates that prison officials processed his complaint on January 4, 2010. The complaint was received by the Clerk of Court on January 5, 2010. It is unclear to this court why the complaint was docketed as having been filed on January 7, 2010. *See* Dkt. #1.

2

limitations for personal injury claims is codified at S.C. Code Ann. § 15-3-530(5), which provides that the statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law . . . ." This statute of limitations has been held to be the applicable statute of limitations for § 1983 claims. *See Huffman v. Tuten*, 446 F. Supp. 2d 455 (D.S.C. 2006); *Ward v. Parole, Probation, and Pardon Bd.*, 2007 WL 3377163 (D.S.C. 2007) (unpublished); *Rowe v. Hill*, 2007 WL 1232140 (D.S.C. 2007) (unpublished).

Because "the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application," federal courts must "also borrow [ ] the state's tolling rules-including any equitable tolling doctrines." *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992). *See also Wade v. Danek Medical, Inc.*, 182 F.3d 281, 289 (4th Cir. 1999) (applying same principle in diversity case, finding that "in any case in which a state statute of limitations applies-whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action-the state's accompanying rule regarding equitable tolling should also apply.").

In this case, the relevant tolling statute states,

When the commencement of an action shall be stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of the action.

S.C. Code Ann. § 15-3-100. It therefore appears that a federal court applying South Carolina law must toll the statute of limitations if a "statutory prohibition" exists which prevents a plaintiff's cause of action.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust available

3

administrative remedies before filing a § 1983 action concerning conditions of his confinement. 42 U.S.C. § 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended §1997e so that it now provides,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* § 1997e(a). Accordingly, before Plaintiff could proceed with his § 1983 claim in this court, he had to properly exhaust his available administrative remedies. A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Woodford v. Ngo*, 548 U.S. 81 (2006).

It does not appear that the Fourth Circuit has yet ruled on the precise relationship between § 1997e and the South Carolina tolling statute. However, other circuits have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e. *See*, *e.g.*, *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999).

Plaintiff could not bring suit in this court until he had exhausted his administrative remedies, which did not happen until at least October 7, 2007. Compl. at 2 (Dkt. # 1). Because tolling applies to the period during which Plaintiff was exhausting his administrative remedies, this court finds that the complaint was timely filed on January 4, 2010.

### RES JUDICATA

*Res judicata* is an affirmative defense that must be pleaded or it is waived. *Arizona v. California*, 530 U.S. 392, 410 (2000) (principles of preclusion "rank res judicata an affirmative

4

defense ordinarily lost if not timely raised."). *See also Crowe v. Cherokee Wonderland, Inc.*, 379 F.2d 51 (4th Cir. 1967) (defense of res judicata is an affirmative defense that must be pleaded affirmatively and is waived where it is not raised in trial court); *Broussard v. Meineke Discount Muffler Shops, Inc.*, 958 F. Supp. 1087, 1102 (W.D.N.C. 1997) (same), *overruled on other grounds*, 155 F.3d 331 (4th Cir. 1998). The *sua sponte* invocation of this defense is, therefore, disfavored. *See*, *e.g.*, *Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir. 1985) (observing that a district court may raise claim preclusion *sua sponte* only in cases where the previous action was litigated in the same district or in cases "in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata"). A court may properly *sua sponte* raise a waivable affirmative defense only if the defense is clear from the face of the complaint. *Fratus v. Deland*, 49 F.3d 673, 676 (10th Cir. 1995) (sua sponte raising affirmative defense "reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense."). Even if such a defense is raised *sua sponte* by the court, the court must provide the parties an opportunity to address its application. *See State of Nev. Employees Ass'n, Inc. v. Keating*, 903 F.2d 1223, 1225 (9th Cir. 1990) (finding that a district court's *sua sponte* application of *res judicata* was in error as it "did not subject its res judicata decision to the rigors of the adversarial process . . . .").

In the present case, the Magistrate Judge *sua sponte* invoked res judicata based upon an earlier state court case against these same Defendants, with absolutely no evidence that Plaintiff's state court case contained any of the federal causes of action he now brings in this court.

While a reasonable argument can be made that Plaintiff's § 1983 action is barred due to his failure to include these claims in his previous state-court action, this is not a matter whose "factual

5

backdrop clearly beckons the defense [of *res judicata*]." *Fratus*, *supra*, 49 F.3d at 676. Therefore, the court declines to dismiss Plaintiff's Complaint.

CONCLUSION

For these reasons, the court declines to adopt the Report of the Magistrate Judge. This file shall be returned to the Magistrate Judge for further pretrial proceedings, including the entry of such orders as may be necessary to effectuate service on Defendants in this matter.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 1, 2010

C:\Documents and Settings\Mlb87\Local Settings\Temp\notes6030C8\10-24 Peoples v. Rogers decline to adopt R&R direct serve.wpd